UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IRA BARCLAY           BOP #40343-019 | : | CIVIL ACTION NO. 13-1610           SECTION P |
| VERSUS | : | JUDGE TRIMBLE |
| U.S. SENTENCING COMMISSION | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Ira Barclay (hereafter, "petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the Federal Corrections Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

The documentation produced by petitioner in this case, as well as information gathered from the various matters pertaining to him in other courts, establishes the following chronology of events:

- *February 12, 1990*: Following a jury trial, petitioner was convicted in the United States District Court for the Eastern District of Michigan of one count of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846, and two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1). Petitioner was sentenced to 360 months imprisonment. *United States v. Barclay*, Dkt. No. 2:89-cr-80507 (E.D. Mich. 2/12/1990).

- *October 18, 1990*:  On appeal, the Sixth Circuit affirmed the conviction. *United States v. Barclay*, Dkt. No. 89-cr-1249 (6th Cir. 10/18/1990).

- December 23, 1998:  Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Barclay*, Dkt. No. 2:89-cr-80507 (E.D. Mich. 12/23/1998).

- *April 27, 1999*:  The motion was denied as untimely. *United States v. Barclay*, Dkt. No. 2:89-cr-80507 (E.D. Mich. 4/27/1999).

- *July 11, 2000*:  The Sixth Circuit denied petitioner's request for a certificate of appealability regarding the denial of his motion to vacate.  *Barclay v. United States*, Dkt. No. 99-1706 (6th Cir. 6/11/2000).

- *November 28, 2000*: Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, which was then transferred to the Eastern District of Michigan.  *Barclay v. Ellis*, Dkt. No. 2:02-cr-72903, doc. 4 (E.D. Mich 10/08/2002).

- *October 8, 2002*: The Eastern District of Michigan denied the motion to vacate under § 2241, reasoning that petitioner's claims were more properly raised in a motion to vacate under § 2255.  *Barclay v. Ellis*, Dkt. No. 2:02-cr-72903, doc. 4 (E.D. Mich 10/08/2002).

- *January 19, 2006*: Petitioner filed a second motion to vacate pursuant to 28 U.S.C. § 2255 in the Eastern District of Michigan. *United States v. Barclay*, Dkt. No. 2:89-cr-80507 (E.D. Mich. 1/19/2006).  The motion was deemed second or successive and was transferred to the Sixth Circuit, which denied petitioner's motion for leave to file a second or successive § 2255 motion. *United States v. Barclay*, Dkt. No. 06-1874 (6th Cir. 2/1/2007)

- *June–July, 2013*: Petitioner filed three additional motions challenging the lawfulness of his sentence.  *United States v. Barclay*, Dkt. No. 89-cr-1249, Docs. 104, 105, and 106, (E.D. Mich. 2013). All of the motions were construed as being filed under § 2255 and were transferred to the Sixth Circuit on July 31, 2013.  *Id.*  These motions are still pending in the Sixth Circuit.

After being transferred to Louisiana, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 in this court.  He again attacks the legality of his conviction, claiming that the sentencing court misapplied the federal sentencing guidelines, which caused him to receive an incorrect offense level and excessive sentence.  Doc. 1, p. 2.  As relief, petitioner requests that this court lower his offense level.  *Id.* at 3.

## II. LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their conviction or sentence.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed.  Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their conviction or sentence only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The "savings clause" provides that a federal convict may file an application for a writ of *habeas corpus* pursuant to § 2241, if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.  A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.  Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive

requirement does not entitle a petitioner to § 2241 relief. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner's allegations are insufficient to invoke the savings clause in this case. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motions to vacate. Thus, petitioner may not avail himself of § 2241 relief, and his claims must be brought in a motion to vacate under § 2255. The fact that petitioner's previous § 2255 motions were unsuccessful and that the one-year limitations period for bringing such claims has already run does not satisfy the savings clause. *Jeffers,* 253 F.3d at 830; *Toliver* 211 F.3d at 878. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have 14 days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 27th day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE